UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DEAN F.,

                          Plaintiff,

v.                                                                                                                                                   CASE # 20-cv-01597

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

_____

APPEARANCES:                                                            OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC         JEANNE E. MURRAY, ESQ.
Counsel for Plaintiff                                               KENNETH R. HILLER, ESQ.
600 North Bailey Ave                                           SAMANTHA J. VENTURA, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                        ERIC D POOLE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for judgment on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on June 3, 1969, and has at least a high school education. (Tr. 307, 321). Generally, plaintiff's alleged disability consists of bilateral blindness, ear issues, migraines, chronic pain, mental issues, and seizures. (Tr. 320). His alleged onset date of disability was August 18, 2016. (Tr. 307).

### B. Procedural History

On May 2, 2017, plaintiff protectively applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 100). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On September 19, 2019, plaintiff appeared before ALJ Stephen Cordovani. (Tr. 153-196). On September 30, 2019, ALJ Cordovani issued an unfavorable decision finding plaintiff was not disabled under the Social Security Act. (Tr. 97-110). On September 28, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 197-200). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since May 2, 2017, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: mild degenerative disc disease and degenerative joint disease of the low back; osteoarthritis of the right knee; mild degenerative disc disease and degenerative joint disease of the neck; migraines; reduced visual acuity; hearing loss (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb ramps and stairs. He cannot balance on uneven ground. He can occasionally stoop, twist, kneel, crouch, and crawl. He cannot climb ladders, ropes, or scaffolds. He can occasionally reach overhead. He cannot work around hazards such as unprotected heights, moving mechanical parts, or sharp instruments. He cannot perform work with vibratory tools. He can frequently handle and finger. He requires the use of a cane while ambulating. He can tolerate up to moderate noise exposure. He cannot perform work involving far visual acuity. He cannot use foot controls. He must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilations, and other respiratory irritants.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on June 3, 1969 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 2, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 97-110)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff asserts the ALJ did not properly evaluate plaintiff's mental health impairments and failed to incorporate the limitations from non-severe impairments into the RFC. (Dkt. No. 9 at 12

[Plaintiff's Mem. Of Law]). Second plaintiff argues the Appeals Council improperly rejected evidence. (*Id*. at 15). Plaintiff submitted a response to defendant's brief, deeming no reply necessary. (Dkt. No. 12).

### B. Defendant's Arguments

In response, defendant argues substantial evidence supports the ALJ's mental residual functional capacity determination. (Dkt. No. 10 at 6 [Defendant's Mem. of law]). Defendant also asserts the Appeals Council properly evaluated the additional evidence that plaintiff submitted. (*Id*. at 9).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.     ANALYSIS

   A. Mental Impairments and RFC

Plaintiff argues the ALJ did not properly evaluate his mental health impairments and failed to incorporate the limitations from non-severe impairments in the RFC. (Dkt. No. 9 at 12). In his decision, ALJ Cordovani thoroughly detailed plaintiff's medically determinable mental impairments, which he identified as variously characterized as major depressive disorder, general anxiety disorder, posttraumatic stress disorder, and bipolar disorder. (Tr. 102). Contrary to plaintiff's argument, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala,* 895 F.Supp. 50, 53 (S.D.N.Y. 1995); *see Prince v. Astrue*, 514 F. App'x 18, 20 (2d Cir. 2013).

When evaluating alleged mental health impairments, in addition to the typical five-step analysis outlined in 20 C.F.R. § 404.1520, the ALJ must apply a "special technique" at the second and third steps. *See Kohler v. Astrue,* 546 F.3d 260, 265 (2d Cir.2008). As the Second Circuit has explained:

> This technique requires the reviewing authority to determine [at step two] first whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 404.1520a(b)(1). If the claimant is found to have such an impairment, [at step three] the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," *Id.* § 404.1520a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id.* § 404.1520a(c)(3). According to the regulations, if the degree of limitation in each of the first three areas is rated "mild" or better, and no episodes of decompensation are identified, then the reviewing authority generally will conclude that the claimant's mental impairment is not 'severe' and will deny benefits. *Id.* § 404.1520a(d)(1).

In this case, the ALJ properly provided specific findings regarding the degree of limitation in each of the four functional areas of the "special technique" when evaluating the mental

impairments, showing his decision was based on substantial evidence and not solely one or two opinions as alleged. (Tr. 103). The ALJ concluded the medically determinable mental impairments were non-severe as they caused no more than a "mild" limitation in any of the functional areas. (Tr. 104). Plaintiff does not identify any specific errors by the ALJ in this analysis and does not identify evidence of greater limitations in any functional area.

ALJ Cordovani cited not only the findings of consultative examiner Dr. Fabiano and non-examining review physician Dr. Inman-Dundon, but also mental health records and reported daily activities. (Tr. 450-451). The Regulations "recognize that the Commissioner's consultants are highly trained physicians with expertise in evaluation of medical issues in disability claims whose "opinions may constitute substantial evidence in support of residual functional capacity findings." *Lewis v. Colvin*, 122 F. Supp. 3d 1, at 7 (N.D.N.Y. 2015) (citing *Delgrosso v. Colvin,* 2015 WL 3915944, at *4 (N.D.N.Y. June 25, 2015); *see also Heagney-O'Hara v. Comm'r of Soc. Sec.,* 646 F. App'x 123, 126 (2d Cir. 2016); *Monette v. Colvin,* 654 F. App'x 516 (2d Cir. 2016); *Snyder v. Colvin,* 667 F. App'x 319 (2d Cir. 2016). Dr. Inman-Dundon opined that plaintiff had only mild limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself (Tr. 103, 216). Accordingly, Dr. Inman-Dundon opined that plaintiff's psychological impairments were non-severe (Tr. 103, 216-217). Dr. Fabiano opined that plaintiff has no limitations in his ability to use reason and judgment to make work-related decisions; sustain an ordinary routine and regular attendance at work; maintain personal hygiene and appropriate attire; and have an awareness of normal hazards and take appropriate precautions. (Tr. 517). Dr. Fabiano also opined that plaintiff's difficulties were due to adjustment problems, as opposed to serious psychopathology. (Tr. 517). Overall, Dr. Fabiano concluded that "[t]he results of the examination appear to be consistent with

psychiatric and substance abuse problems, but in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." (Tr. 217, 517). Notably, the ALJ referenced that the opinion from Dr. Inman-Dundon was supported by her findings and a detailed recitation of the record. (Tr. 103). Dr. Inman-Dundon noted that plaintiff reported in July 2016 that he "has not had any medical providers since relocating to Buffalo in 1990s" (Tr. 216). In July 2016, plaintiff's primary care physician diagnosed him with anxiety and depression and prescribed Zoloft, but plaintiff was not taking this medication at a follow-up appointment in September 2016. (Tr. 216, 458, 462). Indeed, plaintiff cites other records to support his view of the evidence, however, when substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

Additionally, the ALJ also considered plaintiff's daily activities, which were inconsistent with allegations of disability from his mental impairments. (Tr. 103, 106, 107, 108, 109). *See* 20 C.F.R. § 416.929. For example, although plaintiff denied some of these daily activities at the hearing, "he also reported at various times cleaning cupboards and vacuuming, getting a permit to do side jobs and earn money, helping his ex-wife with personal care, doing pushups and sit ups to manage his mood, and doing odd jobs such as home improvements, renovations, and roofing" (Tr. 106, 186, 676, 692, 700, 703, 716, 755, 765, 768). Notably, the ALJ cites a medical record that shows that plaintiff bruised his wrist "on a work site" (Tr. 106, 676).

In sum, the ALJ properly evaluated the mental impairments at Step Two and reasonably considered such impairments at subsequent steps and accordingly found the mild limitations resulting from the non-severe impairments did not warrant any mental restrictions in the RFC.

**B. Evidence to Appeals Council**

In mid-August 2020, plaintiff submitted 38 pages of records from Erie County Department of Social Services dated April 29, 2015 to February 11, 2019 and 51 pages from Paradigm Family Health dated October 26, 2018 to July 10, 2019; and 43 pages from Paradigm Family Health dated November 26, 2019 to August 1, 2020. (Tr. 198). The Appeals Council (AC) found that the records prior to the decision did not show a reasonable probability that they would change the outcome of the decision and those from after the decision did not relate to the period at issue. (Tr. 198). The AC properly considered this evidence which was submitted 11 months after the decision. (Tr. 8, 46).

As an initial matter, under 20 C.F.R. § 416.912 "Responsibility for evidence," the regulations outline plaintiff's responsibility and the Social Security Administration's responsibility relating to evidence in a plaintiff's claim. *See* 20 C.F.R. §§ 416.912(a) ("Your responsibility"), 416.912(b) ("Our responsibility"). Plaintiff "must inform [the Administration] about or submit all evidence known to [him] that relates to whether or not [he is] blind or disabled." *Id.* § 416.912(a). Plaintiff's duty "is ongoing" and requires plaintiff "to disclose any additional related evidence about which [he] become[s] aware." *Id.* Plaintiff's duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision. *Id.*

At the hearing, plaintiff's counsel agreed that the record could close because all known records were submitted. (Tr. 158). Plaintiff's administrative hearing and decision were in September 2019, but plaintiff did not submit any further records until August 2020. Furthermore, plaintiff did not submit any correspondence in the request for review or submit a legal brief explaining why the records were not submitted earlier or how they supported plaintiff's claim.

9

Regardless, substantial evidence supports the ALJ's decision, and the additional evidence that plaintiff submitted to the AC does not deprive the ALJ's decision of such support.

Plaintiff's argument focuses on the treatment notes from nurse practitioner Douglas Pearce and radiologic imaging from April 2020. (Dkt. No. 9 at 10, *citing* Tr. 78, 138, 140). Plaintiff asserts NP Pearce found plaintiff had every tender point for fibromyalgia but the ALJ never discussed the impairment at Step Two or throughout the decision. (*Id*. at 19). Despite plaintiff's leap that the findings of tender points "may very well cause additional limitations" in absences or off task time, there are no functional limitations discussed in the records. (*Id*.). Plaintiff fails to meet his burden of demonstrating functional limitations that preclude any substantial gainful activity. *See* 42 U.S.C. § 423(d)(5)(A); *Bowen v. Yuckert*, 482 U.S. at 146, n.5; 20 C.F.R. § 416.912(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled. . . ."); 20 C.F.R. § 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity.").

Additionally, the AC is not required to give a detailed explanation for its decision, when the newly-submitted evidence does not dramatically alter the weight of the evidence. *See, Bushey v. Colvin*, 8:11-CV-00031-RFT (N.D.N.Y.), affirmed, 552 F. App'x 97, 98 (2d Cir. Jan. 29, 2014) ("We do not believe that the Appeals Council erred by refusing to review the ALJ's decision in light of the new evidence that Bushey submitted to that body. The Appeals Council had substantial evidence supporting its decision to decline review, as the new evidence that Bushey presented did not alter the weight of the evidence so dramatically as to require the Appeals Council to take the case.") *Davis v. Colvin*, No. 15-CV-6082 CJS, 2016 WL 385183, at *6 (W.D.N.Y. Feb. 2, 2016).

The AC clearly identified the evidence and gave reasons why review was not granted and plaintiff's disagreeing with the conclusion is not grounds for remand.

**ACCORDINGLY, it is**

 **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is

  **DENIED**; and it is further

 **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is

  **GRANTED.**

Dated: September 15, 2022         *J. Gregory Wehrman*

Rochester, New York           HON. J. Gregory Wehrman
                 United States Magistrate Judge